UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MANUEL J. ARROYO,

                        Plaintiff,

                                    **MEMORANDUM & ORDER**
                     v.                          14-CV-3513 (PKC)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Manuel J. Arroyo commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g). Plaintiff sought to reverse the decision of Defendant Carolyn Colvin, the then-Acting Commissioner of the Social Security Administration ("SSA"), denying Plaintiff's application for Social Security disability insurance benefits. Presently before the Court is the motion of Plaintiff's counsel, Charles Binder ("Binder"), for approval of attorneys' fees of $14,000, pursuant to Section 406(b) of the Social Security Act. For the reasons set forth below, the Court grants, in part, and denies, in part, that request, and awards Plaintiff's counsel attorneys' fees in the amount of $9,850.

## BACKGROUND

        On June 3, 2014, Plaintiff commenced this action appealing the SSA's denial of his disability insurance benefits application. (Dkt. 1.) On January 5, 2015, Plaintiff filed a motion for judgment on the pleadings (Dkt. 13) and the government filed a cross-motion for judgment on the pleadings (Dkt. 16.) On January 4, 2016, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the case to the SSA for further proceedings. (Dkt. 19.) On April 13, 2016, the parties stipulated, and the Court ordered, that Plaintiff would be awarded $3,600.00 for

attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. 24.)

On remand, Plaintiff was awarded disability insurance benefits. (Dkt. 25-2, at 2-3.) As required by the Social Security Act, the Commissioner withheld 25% of the total past due benefits payable to Plaintiff ($16,250.50), so that Plaintiff's counsel could: (1) petition the SSA under Section 406(a) for approval of a reasonable fee as compensation for services during the proceedings at the agency level; and (2) seek an award from this Court for the time counsel expended representing Plaintiff, pursuant to Section 406(b). 42 U.S.C. §§ 406(a) and (b).

Here, Binder moves for attorney's fees pursuant to 42 U.S.C. § 406(b), in the amount of $14,000, in connection with 19.7 hours of work he and colleague Eddy Pierre Pierre undertook on behalf of Plaintiff. According to Binder's time records, Binder and Pierre Pierre spent this time on the following tasks: (1) reviewing the file; (2) reviewing the entire record and organizing medical evidence; (3) drafting a statement of facts; (4) conducting medical research; (5) drafting arguments; (6) editing a draft brief and preparing it for filing; and (7) calculating the EAJA fees and emailing the government attorney. (Itemized Hours, Dkt. 25-3, at 4.) According to Counsel's time records in *Karki v. Commissioner of Social Security*, Binder's hourly rate is $193.81. *Karki v. Comm'r of Soc. Sec.*, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018). Under this hourly rate, Binder's fees would be $3,818.06.

Plaintiff agreed to pay Binder a contingency fee of 25% of all past due benefits as compensation for legal services. (Retainer Agreement, Dkt. 25-3, at 2.) As described above, 25% of $65,002 is $16,250.50. Binder states that his claim of $14,000 is for less than the 25% to which he is entitled under Plaintiff's contract. (Dkt. 25-4, at 2.) The government does not oppose the

Plaintiff's fee application, but does argue that the award of such fees "exceed[s] amounts that are considered 'reasonable' in other cases." (Dkt. 26, at 3.)

**DISCUSSION**

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee" "not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). The Second Circuit has held that a court's determination of whether fees requested under Section 406(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap"; (ii) "whether there has been fraud or overreaching in making the agreement"; and (iii) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372 (citation omitted); *see also Barbour v. Colvin*, No. 12–CV–00548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (same). In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Barbour,* 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 8:06–CV–1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)); *see also Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.").

Here, Binder's proposed fee of $14,000 is within the 25% cap, which is $16,250.50. (Dkt. 25-4, at 2.) Since there are no allegations of fraud or overreaching with respect to the retainer

3

agreement, the only question for the Court is whether the fee of $14,000 for 19.7 hours of work would result in a windfall to Binder.

The courts in this Circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boiler-plate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *Rowell v. Astrue*, 05–CV–1592 (CBA)(JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, No. 05–CV–6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)). In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Here, Binder seeks an award of $14,000 for 19.7 hours of work, resulting in an effective hourly rate of $710.66 per hour. Courts have reduced awards in circumstances analogous to the case here. *Whittico v. Colvin*, 5:09–CV–907 (FJS), 2014 WL 1608671, at *1 (N.D.N.Y. Apr. 22, 2014) (reducing fees of $24,882.23 for 19.7 hours of work, resulting in an hourly rate of $1,263, to $13,050 in total fees, because much of the work involved only "reviewing decisions or other documents, telephone conferences, and correspondence"); *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154(ARR), 2007 WL 2027320, at *2-3 (E.D.N.Y. May 17, 2007) (reducing fees of $44,694.75 for 33.5 hours of work, resulting in an hourly rate of $1,334, to $15,000 in total fees); *Devenish v.*

4

*Astrue*, 85 F. Supp. 3d 634, 638 (E.D.N.Y. 2015) (reducing fees of $14,700 for 14.7 hours of work, resulting in an hourly rate of $1,000, to $5,145 in total fees).[1]

The Court finds that Binder's request for $14,000 for 19.7 hours in this case would result in an unreasonable fee to Binder, in light of the relatively modest amount of work done by Binder in connection with his representation of Plaintiff in this matter. Instead, the Court finds that an award of $9,850 would adequately compensate Binder for the time that he spent on this case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for his client. Furthermore, this fee amount, which translates into an hourly rate of $500, compensates Binder at more than double his hourly rate of $193.81. Lastly, the Court's award of $9,850 satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. *See, e.g., Muniz v. Astrue*, 09–CV–3954 (ARR), 2011 WL 5563506, at *6 (E.D.N.Y. Nov. 15, 2011) ("Further, an award of fees of this sum—amounting to an hourly rate of $333.33—satisfies the underlying policy goal of enabling social security claimants to secure quality legal representation.").

## CONCLUSION

For the foregoing reasons, it is hereby ordered that Plaintiff's motion for attorneys' fees under 42 U.S.C. § 406(b) is granted in part, and Binder is awarded $9,850 in attorneys' fees. Upon

---

[1] Plaintiff is correct that courts in this Circuit have approved fee awards in the social security context that are above these market rates. *See, e.g., Barbour v. Colvin*, No. 12–CV–00548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (approving $26,784 award for 44.7 hours of work for an effective hourly rate of $599); *Warren v. Astrue*, No. 06–CV–2933 (CBA), 2011 WL 5402493, at *1 (E.D.N.Y. Nov. 7, 2011) ("[A]lthough $25,000.00 is a substantial sum for 38 hours of work [*i.e.*, $657 hourly rate], it does not constitute a windfall when balanced against the excellent result counsel obtained and the risk of loss inherent in the retainer's contingency arrangement."). However, this Court must use its discretion to determine "whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372.

receipt of this award from the government, Binder shall promptly refund Plaintiff $3,600, which represents the EAJA fees already received by counsel. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
      May 4, 2018